## THE STATE v. DONOVAN, *Appellant.*

### Division Two, May 8, 1894.

1. **Criminal Practice:** LARCENY: POSSESSION. Fifteen years' undisputed possession of a watch by the person from whom it was stolen is sufficient proof of ownership.

2. ———: GRAND LARCENY: VALUE OF PROPERTY: INSTRUCTION. Where, on a trial of an indictment for grand larceny, there is evidence that the property stolen is worth $50, an instruction on grand larceny is proper.

3. ———: PETIT LARCENY: VALUE OF PROPERTY: INSTRUCTION. Where the evidence as to the value of the watch is conflicting, some of it tending to show it worth less than $30, an instruction on petit larceny is proper.

4. ———: RECENT POSSESSION OF STOLEN PROPERTY: LARCENY. An instruction concerning the presumption of defendant's guilt arising from the recent possession of stolen property *held* authorized by the evidence.

*Appeal from St. Louis Criminal Court.*—HON. H. L. EDMUNDS, Judge.

AFFIRMED.

*McDonald & Howe* for appellant.

(1) The court erred in refusing appellant's instruction in the nature of a demurrer to the evidence at the close of the state's case. (2) The court erred in

instructing the jury upon the question of grand larceny as there was no proof that the watch was worth more than $3.50. (3) The court erred in its instruction to the jury upon the petit larceny theory in using the word feloniously. (4) The court erred in giving the instruction as to the presumption arising from the possession of stolen property, as there was no evidence that the property in question had been stolen. (5) The court erred in overruling appellant's motion for a new trial. (6) The court erred in overruling appellant's motion in arrest. *Flynn v. Wahl*, 10 Mo. App. 582; *Cantling v. Railroad*, 54 Mo. 385; *Eyerman v. Sheehan*, 52 Mo. 221; *State v. Rider*, 90 Mo. 54; *State v. Scott*, 39 Mo. 424; *Bergen v. People*, 17 Ill. 426; *Winslow v. State*, 76 Ala. 42; *Williamson v. People*, 101 Ill. 382; 1 Greenleaf on Evidence, sec. 434; *State v. German*, 54 Mo. 526; *Waddingham v. Hulett*, 92 Mo. 528; *State v. Warden*, 94 Mo. 648.

*R. F. Walker*, Attorney General, and *C. O. Bishop* for respondent.

(1) The verdict was sustained by the evidence. One can not read the record without being "convinced to a moral certainty" that the appellant stole the watch in question. This demurrer was rightly overruled. (2) The instructions were in approved form, and covered the whole law of the case; and were as favorable as warranted by the evidence. (3) The record fails to show that any evidence was offered by defendant, and there was none, therefore, excluded by the court. (4) The allegations in the motion for new trial do not prove themselves. *State v. Foster*, 115 Mo. 448.

GANTT, P. J.—The defendant was indicted, tried and convicted, in the St. Louis criminal court, of grand

larceny of a gold watch, the property of Mrs. Kate Henry, and from that conviction appeals to this court.

Mrs. Henry was a widow lady, seventy-three years old. She lived with Mrs. Sophia Coleman, at 2916 Pine Street, St. Louis. The watch, which defendant was charged with stealing, had been in her possession thirty years. About a week before it was missed, the defendant repaired Mrs. Henry's sewing machine. She usually kept the watch in a case on her bureau, in her room, where she sewed. On the morning the watch was missed, the defendant was seen, about 10 o'clock, going to her room. The watch was missed about 11:30 that forenoon. Mrs. Henry died suddenly, in her chair, at 5 P. M. that day.

About noon of the same day, defendant came to the shop of one Steinmeyer, a shoemaker, at 1807 Market street (about fourteen blocks distant from 2916 Pine street). Several persons were in there, among them a man named McCowan. Defendant exhibited Mrs. Henry's watch, and asked: "Do any of you gentlemen want to buy a watch?" Steinmeyer asked him how much he wanted for it; defendant said: "I want four dollars." Steinmeyer asked, why don't you pawn it? The watch is worth more than that." Defendant replied: "That is a matter of principle, I never pawn anything, and I never will." Steinmeyer asked: "Now, suppose a body should buy that watch and another comes and claims it?" Defendant replied: "I give you my name and my address. That is a watch I bought my wife for a wedding present, and if you should buy the watch, I should want you to promise me that if I come back again in ten, twelve, fourteen days or a month, I can buy the watch back again for five dollars." Steinmeyer did not care to buy it, but suggested to McCowan that he should buy it. Defendant said: "No, I want to go to Litchfield, Illinois, and that will cost me $3.85."

Steinmeyer then said:  "I will give you $3.50 for it," and defendant said:  "I will take it; I will borrow thirty-five cents, or walk the rest of the way.  I am in a hole here, and I don't want to stay any longer."  So the watch was sold to Steinmeyer, the $3.50 paid, and defendant went off.  He had a valise in his hand at the time.  A few minutes afterward, Steinmeyer, fearing it was not all right, took the watch to the police station and reported the circumstances.

About 4 o'clock in the afternoon defendant was arrested by a detective officer in a lodging house at 823 North Sixth street.  In reply to the question of the officer he denied having been at 2916 Pine during the day.  A day or two afterwards he was brought into the office of the chief of police, who asked him why he took the watch.  He said he was drunk and did not know what he was doing; he also claimed that he had no recollection of seeing Steinmeyer, or of selling the watch to him.

I.  Most, if not all, of the so-called errors, assigned in this case, are frivolous.  Mrs. Henry had lived in Mrs. Coleman's house for fifteen years and during all of that time was in the undisputed possession of this watch.  No other evidence of ownership was needed to justify Mrs. Coleman in testifying it was Mrs. Henry's property.

There was abundant evidence to convict the defendant of stealing the watch, and the court most properly overruled the demurrer to the evidence.  Equally groundless is the point that the court erred in giving an instruction for grand larceny.  Mrs. Coleman testified the watch was worth $50.  But inasmuch as there was also evidence that it was of less than $30 in value, and the value of the watch was a fact to be found by the jury, the court correctly submitted to them an instruction for petit larceny also.

The possession by defendant of Mrs. Henry's watch; the sale of it to Steinmeyer for a mere trifle; the false statements that he had bought it as a wedding present for his wife; his denial of his presence at Mrs. Coleman's that morning, all within a few hours after it was missed, furnished ample and convincing evidence, upon which to base an instruction on the presumption arising from the recent possession of stolen property. No doubt is entertained of defendant's guilt, on this record, and the judgment is affirmed. All of this division concur.