THE STATE v. HARRY BARRETT, Appellant.

**Division Two, November 24, 1914.**

**STEALING FROM PERSON OF ANOTHER: Sufficient Evidence.** The evidence in this case, though the account of the theft by the prosecuting witness is rambling, probably due to his natural stupidity, was sufficient to take the case to the jury, under an indictment charging defendant with having taken $125 from the person of said witness, as they walked along a public street.

Appeal from Jackson Criminal Court.—*Hon. Ralph S. Latshaw,* Judge.

AFFIRMED.

*George L. Walls* for appellant.

*John T. Barker,* Attorney-General, and *Shrader P. Howell,* for the State.

(1)  The information in this case is sufficient in form and substance; it contains every essential element to constitute the crime charged and follows the forms approved by this court.  Sec. 4538, R. S. 1909, as amended by Laws 1911, p. 194; Kelly's· Crim. L. & P., sec. 667, p. 596; State v. Williams, 54 Mo. 170; State v. DeWitt, 152 Mo. 79; State v. James, 194 Mo. 270. The description in the information of the money al

leged to have been stolen is amply sufficient and fully meets the requirements of the statute. Sec. 5111, R. S. 1909; State v. Burnett, 81 Mo. 119; State v. Calvert, 209 Mo. 285. (2) As the sixth assignment of error in his motion for a new trial the defendant complains because the court refused to sustain a demurrer to the evidence at the close of the State's case. A complete answer to this allegation is that nowhere in the transcript except in the motion for a new trial can be found any reference to such request having been made. There is neither reference made to the offering of such instruction, to the action of the court thereon, nor any exceptions entered to the failure of the court to rule. It follows, therefore, that this assignment of error cannot be reviewed here. State v. Williams, 147 Mo. 18; State v. Williams, 186 Mo. 139; State v. Glasscock, 232 Mo. 291; State v. Conway, 241 Mo. 279. (3) The evidence is amply sufficient to justify the verdict rendered. It was for the jury to judge of the credibility of the witnesses and the weight and sufficiency of the evidence. The case was submitted by the court under fair and proper instructions to the jury and having considered the evidence, the jury found defendant guilty as charged. There being substantial evidence to support the verdict, this court will not interfere. State v. Tetrick, 199 Mo. 104; State v. Sassman, 214 Mo. 738; State v. Sharp, 233 Mo. 298; State v. Concelia, 250 Mo. 424.

BROWN, J.—Defendant was convicted in the criminal court of Jackson county on a charge of stealing $125 from the person of one Garfield Cox, and appeals from a judgment fixing his punishment at five years in the penitentiary.

The evidence of the prosecuting witness Cox is in substance as follows:

That he is a farmer of Putnam county, Missouri, and came to Kansas City about April 10, 1913, for the

purpose of securing medical treatment. A few days after his arrival he started to walk from his hotel to the stockyards. On the street he met defendant Barrett, who, though a stranger, was quite sociable. He gave witness an apple and accompanied him to the stockyards for the alleged purpose of examining some horses. At the stockyards defendant did not concern himself about horses, but commenced gambling by matching coins with a third man whom the witnesses call "Arkansas." Defendant and "Arkansas" tried to induce witness Cox to join them in the gambling, but he declined, explaining that he had no money with him, that his money was at his hotel. Defendant thereupon told Cox that it was very unsafe to leave money at a hotel and made him believe that he ought to get the money and put it in a bank. Pursuant to defendant's suggestion witness Cox and defendant went to the hotel, where Cox took his money out of a valise, placed it in his outside overcoat pocket, and went out on the street with defendant. Witness thought they were going to a bank, but could not recollect what bank. When they had gone a few blocks Cox felt something touch his coat, and looking around saw defendant with the $125 in his hand. He asked defendant to give up his money, but defendant refused to do so and started away. Cox followed defendant until they met police officer Peters, who arrested defendant. When first approached by the officer defendant was walking arm in arm with a man named Meyers, and witness Cox was some fifty feet behind them.

Officer Peters testified that when he first came upon the parties and saw that prosecuting witness, Cox, was excited and heard him accuse defendant of having his money, he asked defendant if he had Cox's money, to which defendant replied that he had $125 in money "that Cox gave him to mind for him." Defendant, at the request of the police officer, gave up

Cox's money and it was deposited in the police station.

Defendant, testifying in his own behalf, stated that prosecuting witness Cox had been gambling with him and "Arkansas" and gave defendant the $125 as a wager or a bet. He denied taking the money from the pocket of Cox.

## OPINION.

I. Defendant has not filed any brief. He saved no exception to the admission or exclusion of evidence, and the only point preserved for our review by his motion for new trial is the alleged insufficiency of the evidence to support the conviction. Prosecuting witness Cox gave a somewhat rambling account of his experience with defendant. This was probably due to the natural stupidity of said witness. However, this witness testified positively that he did not gamble with defendant, nor give him his money; that he felt some one touch his coat at a time when he and defendant were walking alone, and, looking around immediately, saw his money in defendant's hand. Defendant admitted having the money, and it was a question of veracity between the prosecuting witness and defendant as to whether witness gave the money to defendant, or whether defendant stole it from the witness. The evidence was sufficient to take the case to the jury, and this point is ruled against defendant. [State v. Concelia, 250 Mo. l. c. 424.]

*Evidence.*

II. In his motion in arrest defendant makes a general attack on the information "that it is not a proper information." On this assignment it is only necessary to say that we have examined the information, as well as all other parts of the record proper, and find no defects therein. Let the judgment of conviction be affirmed.

*Record.*

*Walker, P. J.,* and *Faris, J.,* concur.