**STATE of Missouri, Respondent,**

v.

**John Arbell CAMPBELL, Appellant.**

**No. 50864.**

Supreme Court of Missouri,

Division No. 2.

Feb. 8, 1965.

Thomas F. Eagleton, Atty. Gen., Jefferson City, Arthur S. Margulis, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Gene P. Graham, Independence, for appellant.

BARRETT, Commissioner.

The appellant, John Arbell Campbell, has been found guilty of "stealing from the person." There was also a charge, proof and finding of a prior grand larceny felony conviction in Kansas and accordingly a sentence by the court of ten years' imprisonment. As to the principal offense the information charged that on February 16, 1964, John Arbell Campbell "did then and there unlawfully, feloniously and intentionally steal from the person of one Robert J. McCullough certain property, to wit: One Benrus Watch, gold frame with gold expansion band, of the value of $15.00, * * without the consent of the owner thereof * * *."

The proof was that Campbell, McCullough and several other men occupied separate rooms in the hotel at 1204 Washington Street. On Sunday, February 16, 1964, the six or seven men who occupied the third floor had spent the greater part of the day in their common kitchen on that floor cooking and "drinking a little." Campbell claimed that he knew where he could buy whiskey on Sunday and about 2 o'clock in the afternoon McCullough gave him $5 "to go get a bottle of whiskey." Campbell took the money but did not return with the bottle of whiskey and about 5 o'clock McCullough went to his room, bolted the door and went to sleep. About 6:30 he was awakened when Campbell "busted in my room," knocking the hasp from the door, and demanding money immediately grabbed McCullough by the neck as he lay on his back, choked him; "backhanded me across

the face * * * several times" and when there was no move to produce money "he rifled my pockets" (took about a dollar and fifty cents in change), "tore my wristwatch off my arm" and as he went out the door said that "if I went and told anybody he would kill me." Either McCullough or the landlady called the police and after searching the third floor a policeman found Campbell sitting on the closed "commode in the men's room" on the second floor and in a nearby desk drawer in the hall a watch identified by McCullough as the watch Campbell had wrested from his wrist.

■■ Needless to say this testimony and these circumstances constitute "substantial evidence" in support of the charge and finding. State v. Barrett, 262 Mo. 165, 170 S.W. 1105. McCullough testified that he bought the watch two or three weeks before · February 16 "off of a man that lived at the hotel" a couple days for $4.00. This testimony and the fact of McCullough's possession of the watch, contrary to the appellant's contention, is sufficient evidence "as to the ownership of the watch." 52 C.J.S. Larceny §§ 81a, p. 886, 134, p. 972; State v. Donovan, 121 Mo. 496, 499, 26 S.W. 340 341.

■■ The other point briefed and argued by appellant's counsel is that since the money and watch did not exceed $15 in value the court erred in not instructing and submitting to the jury a lesser offense of stealing less than $50. But under the specific terms of the statute "if the property intentionally stolen: (1) Is taken from * * * a person" the offense "is deemed a felony regardless of the value of the property stolen." RSMo 1959, § 560.161, subd. 2(1), V.A.M.S. The basis or policy of the statute is that "(l)arceny aggravated by a taking from the person" is a more serious offense, warrants a more severe penalty and therefore is placed in the same category as grand larceny regardless of the value of the property stolen. 32 Am.Jur. (Larceny) § 44, p. 941. Larceny from the person need not necessarily be by force and if by force

may also constitute another and separate offense but larceny involving force is nevertheless larceny and a felony regardless of the value of the property. 2 Wharton, Criminal Law & Procedure, § 502, p. 176. Since the evidence supports the charged offense and no other the appellant is in no position to contend that he was entitled to an instruction on some lesser offense. State v. Enochs, Mo., 98 S.W.2d 689; State v. Enochs, 339 Mo. 953, 958, 98 S.W.2d 685, 688.

In addition to these two briefed and argued assignments of error there are no errors "as to those matters upon the record" (Sup.Ct. Rule 28.02, V.A.M.R.) before the court and the judgment is therefore affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.