SHEILA BERNIERE *v.* RICHARD G. KRIPPS ET AL.

KING, C. J., ALCORN, HOUSE, COTTER and RYAN, Js.

Argued November 13, 1968—decided January 8, 1969

*Peter C. Dorsey,* with whom, on the brief, was *John C. Flanagan,* for the appellant (defendant Mary Berniere, administratrix).

*Joseph F. Trotta,* with whom was *Edward F. Piazza,* for the appellee (plaintiff).

COTTER, J. The defendant Mary Berniere, as administratrix of the estate of Bernice Berniere, appeals both from a judgment rendered against her

in favor of the plaintiff and from the decision of the court in denying her motion to set aside the verdict and for judgment notwithstanding the verdict.[1] In addition, she claims, inter alia, error in the charge. On December 23, 1961, the plaintiff was a passenger in the right front seat of a car owned and being operated in an easterly direction on South Elm Street in Wallingford by her mother, Bernice Berniere, the decedent of the defendant Mary Berniere, administratrix, when it was in a collision with a car driven by the defendant Richard G. Kripps, who was driving his vehicle in an opposite or westerly direction on South Elm Street. South Elm Street, at the scene of the collision, is a winding, narrow, public highway, between seventeen feet seven inches and eighteen feet wide, and it runs in a generally easterly and westerly direction.

We restrict our discussion to certain claimed errors in the charge which will, in the view which we take of the case, dispose of the appeal. The instructions to the jury are tested by the claims of proof advanced by the parties, and they must be accurate in law, adapted to the issues and adequate to guide the jury in reaching a correct verdict. *Lopes v. Connecticut Light & Power Co.,* 145 Conn. 313, 315, 142 A.2d 135. Among other issues, the charge touched upon the duty of an operator to maintain a reasonable and proper lookout and upon the claim of the plaintiff that the defendant's decedent was driving at an unreasonable, improper and excessive rate of speed having regard to the width, traffic and use of the highway and the weather conditions existing at the time of the accident. The defendant Mary

---

[1] The verdict was also against the named defendant, Richard G. Kripps, and judgment as well was rendered against him, but he did not take an appeal.

Berniere, administratrix, is hereinafter referred to as the defendant.

It is apparent that two important, if not paramount, issues concerned lookout and speed so that it was essential that the legal principles bearing on those issues be carefully and accurately presented to the jury. The following brief recital of some of the claims of proof, not in serious dispute, points up the importance of the necessity for such a treatment of these issues. At the point where the accident occurred, the road has a slight curve in an easterly direction, and then, continuing in an easterly direction, it is straight for 500 or 600 feet. On the south side of the highway in the vicinity of the accident, there is a Y-shaped driveway which runs into South Elm Street from the south and forms a grassy triangle with mail boxes along the triangle's northerly edge immediately adjacent to the traveled portion of the highway.

According to the claims of proof, which found substantial support in the evidence, as the decedent approached a blind curve to her left coming up a slight rise, she saw the glare of headlights approximately 1000 feet away. After she rounded the curve, she saw what turned out to be the Kripps car about 500 to 900 feet away coming toward her on the wrong side of the road. She pulled over to the right to the mail boxes. At the time of the impact, she was in her own eastbound lane, as far to the right as she could go, over on the shoulder next to some trees, and almost at a complete stop. Skid marks left by the Kripps vehicle began sixty-four feet seven inches northeast of the point of impact, and the Berniere car was pushed back approximately fifteen to twenty feet after impact. The Kripps vehicle came to rest on the eastbound or the

wrong side of the road. The two cars after the impact were locked head on, were heavily damaged in their entire front ends and were close to the southerly edge of the highway. Just before the accident, the Kripps car was speeding at approximately sixty miles per hour.

In connection with its instruction on the speed of the Berniere vehicle, the court left the issue with the jury in the following manner: "I don't think we have too much speed on her part, as far as I recall it, but it is your memory and not my memory that will govern that factor." Earlier in the charge, the court gave a brief general explanation of the "law on speed" in discussing the negligence as claimed against Kripps, the other defendant. These statements did not, however, even if taken together, fully state the applicable law or sufficiently make plain to the jury how they were expected to apply the principles of law to the properly established facts of the case in reaching a verdict on this issue. "Speed is always associated with other circumstances, and it should be so presented to the jury when made the subject of discussion in a charge." *Lederer* v. *Connecticut Co.,* 95 Conn. 520, 528, 111 A. 785.

It was also the right of the defendant to have the jury correctly and adequately instructed on the principles of the law applicable to the duty of an operator to maintain a reasonable and proper lookout. At one point in its charge, the court, after saying that the defendant claimed that the decedent saw the car coming and that therefore she had satisfied all the requirements of lookout, stated: "I think the evidence seems to bear that out, although once again it is your memory of the evidence and not my memory that shall govern." This issue became a vital one in the case and from the manner

in which the accident happened, as described above, it was necessary that the jury have a clear understanding of the issue so they could give consideration to all the attendant or surrounding circumstances in determining whether negligence existed. The court's instructions on this phase of the case were brief and general and inadequately explained the measure of the decedent's duty as it applied to the particular facts of the present case.

The court's instructions concerning the decedent's conduct in taking evasive measures to avoid the collision, as well as the standard of care required of the decedent when acting in an emergency must necessarily be predicated upon proper instructions concerning lookout and speed. Therefore, it is unnecessary, at this time, to review the claimed errors in that portion of the charge.

The portion of the charge in which the court discussed the inference to be drawn by the jury from the failure of a party to produce a witness neglected to mention the particular missing witness to whom the instruction was meant to apply and did not state that, although the jury were entitled to draw inferences of fact, "[s]uch inferences, however, should be drawn only from and bear a logical relation to other facts which have been proved." *Fitch* v. *State,* 138 Conn. 534, 541, 86 A.2d 718. Instead, they were told that they "have the right to infer, if you want to." The instruction was inadequate and *not in* accordance with the appropriate rule as fully explained in *Secondino* v. *New Haven Gas Co.,* 147 Conn. 672, 674–76, 165 A.2d 598. It was, therefore, under the circumstances, insufficient to guide the jury in reaching a proper determination on this issue.

Since a new trial must be ordered because of the

errors in the charge, we do not discuss the other assignments of error.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.