SHARON NATALE *v.* MARY WHITE

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued October 9—decided October 28, 1969

*Charles L. Flynn,* for the appellant (plaintiff).

*Edward F. Piazza,* with whom was *Joseph F. Trotta,* for the appellee (defendant).

PER CURIAM. The plaintiff appealed from a judgment for the defendant following a defendant's verdict in an action brought to recover for injuries the plaintiff allegedly sustained as the result of the negligence of the defendant in maintaining a stairway. Principally at issue were questions of the negligence of the defendant and contributory negligence on the part of the plaintiff.

The plaintiff's assignments of error are directed to the court's charge to the jury. Basically, it is the claim of the plaintiff that the charge does not meet the requirement that "[t]he instructions to the jury . . . must be accurate in law, adapted to the issues and adequate to guide the jury in reaching a correct verdict." *Berniere* v. *Kripps,* 157 Conn. 356, 358, 254 A.2d 496.

"The ultimate test of a court's charge is whether it fairly presents the case to a jury in such a way that injustice is not done to either party under the established rules of law. *Cappella* v. *New York, N.H. & H.R. Co.,* 154 Conn. 410, 414, 226 A.2d 394; *Lucier* v. *Meriden-Wallingford Sand & Stone Co.,* 153 Conn. 422, 425, 216 A.2d 818." *Szlinsky* v. *Denhup,* 156 Conn. 159, 163, 239 A.2d 505.

Although the charge to the jury in the present case did contain all the necessary instructions and applicable principles of law correctly stated, intermixed with these proper instructions and principles were several material ones which were clearly erroneous. A jury of laymen in applying the law to the facts they found could not have been other than confused as to which of the conflicting instructions were correct. Under these circumstances justice requires a new trial.

There is error, the judgment is set aside and a new trial is ordered.