STATE OF CONNECTICUT *v.* DONALD LOMBARDO

HOUSE, C. J., RYAN, SHAPIRO, LOISELLE and MACDONALD, JS.

Argued April 5—decided June 6, 1972

*Charlotte A. Perretta,* for the appellant (defendant).

*Joseph F. Skelley, Jr.,* assistant state's attorney, with whom, on the brief, was *John D. LaBelle,* state's attorney, for the appellee (state).

House, C. J. On a trial to a jury, the defendant Donald Lombardo was found guilty of a violation of of No. 753, § 18 (a) of the 1969 Public Acts (§ 19-480 [a]) and § 19-452 of the General Statutes in selling a cannabis-type drug. The court denied his motion to set aside the verdict as contrary to law and against the evidence and the defendant has appealed from the judgment rendered on the verdict. On this appeal he has pressed two assignments of error. The first claim is that the court erred in admitting into evidence a record of telephone calls made from the home of the defendant. The second is a claim that the court erred in permitting a defendant's witness to invoke the privilege against self-incrimination.

During the trial the state introduced evidence that undercover police officers had several meetings with the defendant culminating in a rendezvous at Wickham Park in the town of Manchester on July 23, 1970, at which the defendant sold four kilos of marijuana to the officers. One of the officers testified that he had given the defendant his home telephone number and that on July 23, 1970, at about 9 a.m., the defendant telephoned him at that number and made arrangements to meet him at a designated time and place to make the sale. The officers testified that they met the defendant in accordance with the arrangements and the sale was consummated. Two officers testified that the defendant told them at the rendezvous that he had obtained the marijuana from California and had to take the runner back to the airport and put him on a plane to California. Following this testimony, a security agent for the telephone company testified that the officer's home telephone number was as stated by the witness and that the defendant's number was 647-9362. Thereupon

the toll call records of the telephone company were offered in evidence. These records indicated that at 9 a.m., on July 23, 1970, a toll call had been made from 647-9362 to the telephone of the officer and that during the billing period between July 16 and July 27, 1970, there had been twenty-nine telephone calls from the residence of the defendant to California. The defendant made no objection to the portion of the offered exhibit showing the telephone call made on July 23 but objected to the full record showing the number of calls to California on the ground that that portion of the record was irrelevant. The court overruled the objection and admitted the full record into evidence and the defendant took an exception to the ruling.

The trial court has broad discretion in determining the relevancy of evidence. *Johnson* v. *Newell,* 160 Conn. 269, 276, 277, 278 A.2d 776; *State* v. *Carnegie,* 158 Conn. 264, 273, 259 A.2d 628; *State* v. *Smith,* 157 Conn. 351, 355, 254 A.2d 447; *State* v. *Keating,* 151 Conn. 592, 597, 200 A.2d 724, cert. denied, sub nom. *State* v. *Joseph,* 379 U.S. 963, 85 S. Ct. 654, 13 L. Ed. 2d 557. "Evidence is admissible when it tends to establish a fact in issue or to corroborate other direct evidence in the case. One fact is relevant to another fact whenever, according to the common course of events, the existence of the one, taken alone or in connection with other facts, renders the existence of the other either certain or more probable. Unless excluded by some rule or principle of law, any fact may be proved which logically tends to aid the trier in the determination of the issue. Evidence is admitted, not because it is shown to be competent, but because it is not shown to be incompetent. No precise and universal test of relevancy is furnished by the law, and the question

must be determined in each case according to the teachings of reason and judicial experience. *State v. Towles,* 155 Conn. 516, 523, 235 A.2d 639; *Pope Foundation, Inc.* v. *New York, N.H. & H.R. Co.,* 106 Conn. 423, 435, 138 A. 444." *Federated Department Stores, Inc.* v. *Board of Tax Review,* 162 Conn. 77, 82, 291 A.2d 715. In view of the testimony of the officers that the defendant had told them that he obtained the marijuana from California and that he had to take a runner back to the airport and put him on the plane to California and the conflict in testimony as to the extent and content of the defendant's conversation with the officers, we find no abuse of discretion in the ruling of the trial court admitting the exhibit.

In the course of the trial, the defendant called Dominick Lisella to testify on his behalf. Lisella testified as to his own activities during the evening of July 22, 1970, that he slept that night at the home of the defendant, that on the morning of July 23 he made a phone call and that he went to Wickham Park that morning. He refused to disclose the identity of the person to whom he telephoned on the ground that to do so might incriminate him. He was then further questioned on direct examination as to what he did on arrival at Wickham Park. The state's attorney then objected to the line of inquiry on the ground that if defense counsel had knowledge that the witness was going to testify up to a certain point and then claim the right against self-incrimination, "this type of interrogatory evidence serves no useful purpose." The jury were excused and the court was informed that counsel for the witness was present in the courtroom. After a recess, counsel for the witness informed the court that he had advised the witness that he should not testify

on the ground it might incriminate him and "[h]e will not take the stand." The jury were recalled, the court ascertained from counsel for the witness that he had been advised that if he continued to testify that he would also be "subject to cross-examination which may result." The witness resumed the stand and declared that he was going to refuse to answer any questions regarding what happened in Wickham Park on July 23 on the ground that it might tend to incriminate him. The court then inquired of defense counsel: "Have you any further use of this witness?" and counsel replied: "No, I haven't, Your Honor. Under those conditions I have not." The court thereupon informed the witness: "Very well, you may step down." The defendant made no claim of law, made no objection and took no exception. He has now for the first time on this appeal and through different counsel asserted the claim that by answering the earlier questions to which we have referred the witness waived his fifth amendment privilege against self-incrimination and that "it was error not to rule that the witness had waived his privilege."

The simple and complete answer to the defendant's present contention is that it was never raised in nor ruled on by the trial court. That court was never asked to make the ruling which the defendant now asserts it should have made nor was any objection or exception taken to the court's statement to the witness that he might leave the witness stand after asserting his privilege against self-incrimination. No error could have been committed by the trial court as to a claim of this type which it was not asked to rule on and we do not consider the claim on its merits on appeal because the defendant did not raise it at the trial. Practice Book § 652; *State* v. *Paulette,* 158 Conn. 22, 25, 255 A.2d 855;

*State* v. *Mortoro,* 157 Conn. 392, 393, 254 A.2d 574; *State* v. *Smith,* 156 Conn. 378, 386, 242 A.2d 763; *State* v. *Taylor,* 153 Conn. 72, 86, 214 A.2d 362; see *State* v. *Hawkins,* 162 Conn. 514, 294 A.2d 584. As we observed in the *Taylor* case, supra: "[T]his policy does not permit a defendant in a criminal case to fail, whether from a mistake of law, inattention or design, to object to matters occurring during a trial until it is too late for them to be corrected or even considered and then, if the outcome proves unsatisfactory, to raise them for the first time on appeal."

There is no error.

In this opinion the other judges concurred.