STATE OF CONNECTICUT *v.* RANDALL S. CROWE

STATE OF CONNECTICUT *v.* KEVIN KULO

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued October 14—decision released December 27, 1977

*Lawrence C. Klaczak,* public defender, for the appellants (defendants).

*Donald B. Caldwell,* state's attorney, for the appellee (state).

BOGDANSKI, J. The defendants in these two cases were each charged in separate informations with the crimes of robbery in the first degree in violation of 1975 Public Acts 75-411, § 1 (a) (4),[1] of larceny in the second degree in violation of § 53a-123 (a) (3) of the General Stautes, and of larceny in the second degree in violation of § 53a-123 (a) (1) of the General Statutes. On a trial to a jury they were found guilty on all counts and appealed from the judgments rendered. On appeal, they briefed the issues of error in rulings on evidence and of error in the

---

[1] General Statutes § 53a-134 (a) (4).

charge to the jury. Inasmuch as the cases were tried together and involve the same basic issues, they will be treated in one opinion.

Evidence was submitted at the trial from which the jury could have found the following facts: On February 9, 1976, two men at gunpoint forced Raymond Cote, a gas station attendant, into the back room of the station. The men then took a money bag containing $466.08 from the desk in the main room of the station. They also took Cote's car keys and fled in Cote's car.

The defendants assign error in (1) admitting a "mug shot" into evidence; (2) refusing to admit a plaid shirt into evidence; (3) limiting testimony from certain witnesses; and (4) admitting a rifle into evidence.

The victim Cote testified that the defendant Kulo was wearing a plaid jacket at the time of the robbery. Kulo in turn testified that he never owned or wore a plaid jacket. In rebuttal, the state offered a police photograph, taken one week after the robbery, of Kulo wearing a plaid jacket. Kulo objected to the admission of the police photograph on the ground of its prejudicial effect upon the jury.

A "mug shot" is admissible if it is relevant and material and if its probative value outweighs its prejudicial tendency. *State* v. *Robertson,* 172 Conn. 9, 10, 372 A.2d 128; *State* v. *Woods,* 171 Conn. 610, 612, 370 A.2d 1080. The present photograph was clearly relevant and material to rebut Kulo's denial of ever having worn a plaid jacket. Moreover, when Kulo was shown the photograph prior to its admission, he stated in the presence of the jury: "It's a picture of me . . . [T]his is a police photograph."

In view of that testimony we cannot say that the trial court erred in concluding that the probative value of the evidence outweighed any prejudicial tendency. See *State* v. *Kinsey,* 173 Conn. 344, 349, 377 A.2d 1095.

After the photograph was admitted, Kulo then offered a certain plaid shirt into evidence. The state objected and the court sustained the objection. Kulo contends that the refusal to admit the shirt limited his efforts to meet the state's rebuttal evidence. Evidence is admissible when it tends to establish a fact in issue or to corroborate other direct evidence in the case. *State* v. *Lombardo,* 163 Conn. 241, 243, 304 A.2d 36. At the time of the offer, the only evidence concerning a plaid article of clothing produced by Kulo was that he never wore a plaid jacket. Under those circumstances, the trial court did not abuse its discretion in excluding the evidence.

The defendants also offered to introduce testimony to the effect that the victim Cote may have been responsible in the past for money shortages at the gas station and that he had made certain incriminating statements. The offers were objected to on the grounds of the lack of any proper foundation and of hearsay. Where no proper foundation has been laid, it is within the discretion of the trial court to admit or exclude such testimony. *Fairbanks* v. *State,* 143 Conn. 653, 657, 124 A.2d 893. Because the questions asked were general and lacked any foundation whatsoever, the court did not exceed its discretion in excluding the testimony.

During the trial the state offered into evidence a rifle which the police had seized from Kulo's bedroom. At the time the rifle was seized, it had on it

a sight scope which the police removed before showing the rifle to Cote for identification. When the rifle was admitted at the trial the sight scope was not attached. Subsequently Kulo moved for a dismissal on the ground that he had just learned that the police had removed the scope before showing the rifle to Cote. That action by the police, he claimed, amounted to a tampering with the evidence and thus denied him a fair trial.

The evidence reveals that the state made no attempt to conceal the fact that the scope was on the rifle when it was seized. Indeed, the jury was shown the ease with which the scope could be taken off and put back on the gun. In any event, the removal of the scope did not constitute a tampering. The claim lacks merit.

The defendants further assign error in the court's charge concerning the counts of larceny. They claim first that the charge on larceny from the person pursuant to § 53a-123 (a) (3) of the General Statutes[2] was too broad and therefore erroneous. As to that crime, the court charged in essence that so long as the property taken is in a person's control, even if it is away from him, it is taken from his person and the taking is a violation of § 53a-123 (a) (3). The defendants contend that the charge was erroneous because theft from the person is in the nature of "pocket-picking," that the essence of the crime is that the property is "on the person of him from whom it is taken," and that there was no evidence that any property was taken from the person of the attendant Cote.

---

[2] "[General Statutes] Sec. 53a-123. LARCENY IN THE SECOND DEGREE: CLASS D FELONY. (a) A person is guilty of larceny in the second degree when . . .(3) the property, regardless of its nature or value, is taken from the person of another. . . ."

There is a divergence of authority on the subject of what constitutes a taking from the person. One line of cases requires a taking from the actual person. *Wilder* v. *State,* 30 Ala. App. 107, 1 So. 2d 317; *People* v. *Gould,* 15 Mich. App. 83, 166 N.W.2d 530, rev'd in part on other grounds, 384 Mich. 71, 179 N.W.2d 617; *State* v. *Campbell,* 386 S.W.2d 383 (Mo.). The other requires only a taking of property in the possession and control of the owner. *Banks* v. *State,* 74 Ga. App. 449, 40 S.E.2d 103; *State* v. *Kobylasz,* 242 Iowa 1161, 47 N.W.2d 167; *State* v. *Blow,* 132 N.J. Super. 487, 334 A.2d 341.

In our view, larceny from the person requires an actual trespass to the person of the victim. Because of the trespass to the person, the offense is a serious crime in itself so that the value of the property stolen does not enter into the magnitude of the crime. On the other hand, the removal of property from the presence or control of the victim lacks such a trespass and is insufficient to constitute larceny from the person. We are, therefore, in accord with the rule that larceny from the person is a separate and distinct offense from that of simple larceny. *Wilder* v. *State,* supra; *People* v. *McElroy,* 116 Cal. 583, 48 P. 718; *People* v. *Gadson,* 348 Mich. 307, 83 N.W.2d 227; *People* v. *Gould,* supra; *State* v. *Campbell,* supra; *People* v. *Clifton,* 28 App. Div. 2d 708, 280 N.Y.S.2d 986; *Cousins* v. *State,* 154 Tex. Crim. 5, 224 S.W.2d 260; *Kerry* v. *State,* 17 Tex. App. 178. The court erred in charging otherwise.

We conclude also that the court's remaining charge on larceny did not meet the requirement that "[t]he instructions to the jury . . . must be accurate in law, adapted to the issues and adequate to

guide the jury in reaching a correct verdict." *Berniere* v. *Kripps,* 157 Conn. 356, 358, 254 A.2d 496; *Natale* v. *White,* 158 Conn. 618, 619, 262 A.2d 184.

There is no error as to the first count, there is error as to the other counts, the judgments are set aside, and the cases remanded with direction to render judgments finding the defendants guilty on the first count and for new trials solely as to the other counts.

In this opinion the other judges concurred.