STATE OF CONNECTICUT *v.* PATRICK McDERMOTT
(10568)

SPEZIALE, C. J., HEALEY, PARSKEY, GRILLO and SPONZO, JS.

Argued December 7, 1982—decision released May 3, 1983

*Charles Krich,* for the appellant (defendant).

*Lawrence J. Tytla,* special deputy assistant state's attorney with whom were *John M. Massameno,* assistant state's attorney, and, on the brief, *John M. Bailey,* state's attorney, and *Duncan J. Forsyth,* assistant state's attorney, for the appellee (state).

SPONZO, J. The defendant was convicted of the crime of sexual assault in the first degree in violation of General Statutes § 53a-70 by a jury and sentenced to a term of imprisonment of not less than seven nor more than fifteen years. In his appeal the defendant claims (1) that he was denied the effective assistance of counsel because of the failure of his trial counsel to object to the introduction of other crime evidence and (2) that the trial court erred by failing to ascertain whether the probative value of testimony covering the defendant's other conviction in 1977 outweighed its prejudicial impact.

The state presented evidence through the complainant that on January 16, 1979, as she waited for a bus in Hartford to return to her motel room, the defendant drove by in a white station wagon. He pulled to the curb and ordered her to get into the car under the threat that he had a gun. She entered the car and was driven to a parking lot where she was forced to perform an oral sexual act under the threat of a gun. She was then taken to a gas station parking lot near her house and allowed to get out. This incident was not reported immediately because the victim felt very bad, dirty, scared and did not know what to do. She vacated her room, moved in with her sister and missed work on two days. However, on January 23, 1979, the defendant came into the McDonald's restaurant at which the victim was employed. She immediately became upset and nervous. She ran downstairs and talked to her manager after which she notified the police and reported the offense.

The defendant in his defense testified that he did engage in sexual conduct with the complainant but with her consent. During direct examination he stated that he was convicted of an offense in 1977 which involved vaginal sexual intercourse. The defendant was cross-examined on details of the 1977 offense including incon-

sistent statements made to the police. Counsel for the defendant did not object to any questions on cross-examination.

None of the counsel on appeal was counsel during the trial. The defendant's trial counsel did file a motion for discovery, production and inspection on February 13, 1979, and in this motion sought disclosure of information of any prior convictions of the defendant. There is no indication that this request was complied with in writing although counsel for the state indicated that an open file policy was in effect pursuant to the provisions of General Statutes § 54-86a. The trial commenced on September 3, 1980 and was submitted to the jury on September 5, 1980. The jury returned its verdict on September 8, 1980 after the court had given the so-called "Chip Smith"[1] charge.

During his charge the trial judge instructed the jury as follows: "And, incidentally, while we're talking about credibility, there was testimony of a prior conviction of the defendant in this case. Now, you are to consider that only for the purpose of impeaching the credibility of the defendant. It's not to be considered or used to prove this particular crime. This particular offense has to stand or fall upon the testimony that came out during the course of this trial. However, it can be used for the purposes of determining whether or not you want to give full credit to the defendant's testimony. And that's the purpose of entering the prior conviction." Neither the defendant nor the state took exception to

[1] Since State v. Smith, 49 Conn. 376, 386 (1881), we have consistently reaffirmed our approval of the "Chip Smith" supplementary charge to encourage a verdict in criminal cases in the face of an apparent deadlock. State v. Avcollie, 188 Conn. 626, 641, 453 A.2d 418 (1982); State v. Stankowski, 184 Conn. 121, 147, 439 A.2d 918, cert. denied, 454 U.S. 1052, 102 S. Ct. 596, 70 L. Ed. 2d 588 (1981).

this portion of the court's charge. It is clear that this charge was given pursuant to the provisions of General Statutes § 52-145.[2]

On November 18, 1981 the defendant filed his brief with this court and on May 19, 1982 the state filed its brief. By letter dated October 5, 1982, eight days prior to scheduled oral argument, this court was advised by counsel for the state that there was an error in its brief on page six which stated that the accused "had previously pled guilty to a charge of sexual assault in the first degree." This court was now advised that the accused had pleaded guilty to a substituted charge but was not informed as to the specific charge. At the commencement of oral argument on October 13, 1982 counsel for the accused requested the court to take judicial notice of *State* v. *McDermott,* Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. 41690, which disclosed that the accused was convicted of the crime of sexual assault in the fourth degree, a misdemeanor. The matter was then continued to December 7, 1982 for oral argument in order to allow counsel to submit supplemental briefs.

The state contends in its supplemental brief that the defendant has not presented an adequate record for a review of whether the accused was convicted of a misdemeanor or a felony on the 1977 offense. The record is clear and is adequate. This court can take judicial notice of Superior Court file, Docket No. 41690. *State* v. *Lenihan,* 151 Conn. 552, 554, 200 A.2d 476 (1964). The state in its letter dated October 5, 1982 corrected an error which indicated that the accused was

---

[2] General Statutes § 52-145 reads: "Sec. 52-145. INTERESTED WITNESS NOT DISQUALIFIED; CREDIBILITY. No person shall be disqualified as a witness in any action by reason of his interest in the event of the same as a party or otherwise, or of his disbelief in the existence of a supreme being, or of his conviction of crime; but such interest or conviction may be shown for the purpose of affecting his credit."

convicted of a felony on the 1977 charge. The court in the charge to the jury clearly instructed them on the basis that the prior conviction was a felony without an exception being taken by either party. It is obvious that the accused was permitted to testify as to his prior conviction on the mistaken belief that he was guilty of a felony.

Although no objection was made to cross-examination of the defendant on his prior offense and no exception was taken by the defendant to the court's instruction on his prior conviction, this does not foreclose the defendant from raising this claim of error for the first time on appeal. *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576 (1973), permits appellate review of a belatedly raised claim alleging deprivation of a fundamental constitutional right and a fair trial. *State* v. *Maltese,* 189 Conn. 337, 342, 455 A.2d 1343 (1983). "A claimed constitutional error, raised for the first time on appeal, will be examined, if at all . . . when reviewed in the context of the entire trial it violated some right guaranteed to the defendant by the fourteenth amendment to the Constitution of the United States; *Cupp* v. *Naughten,* 414 U.S. 141, 146, 94 S. Ct. 396, 38 L. Ed. 2d 368 (1973); or article first, § 8 of the constitution of Connecticut." *State* v. *Kurvin,* 186 Conn. 555, 564-65, 442 A.2d 1327 (1982).

The court, the state and the defendant were all operating under the mistaken belief that the accused was convicted of a felony on the 1977 charge. It is reasonably possible that the jury was misled by the court's charge on the issue of credibility. *State* v. *Williams,* 182 Conn. 262, 268, 438 A.2d 80 (1980); *State* v. *Ralls,* 167 Conn. 408, 422, 356 A.2d 147 (1974). In view of the fact that the outcome of this case depended on whether the jury believed that the sexual act was involuntary or consensual, credibility was a substan-

tial factor. The jury, which had been given the case on September 5, 1980 for deliberation, returned its verdict of guilty only after being given the "Chip Smith" charge.

General Statutes § 52-145 allows evidence of a prior conviction to impeach a defendant's credibility provided it is a conviction for which imprisonment may be for more than one year. Such evidence is also admissible as prior misconduct if the court determines, in the exercise of sound discretion, that its probative value outweighs its prejudicial effect. *State* v. *Howard,* 187 Conn. 681, 685, 447 A.2d 1167 (1982); *State* v. *Falby,* 187 Conn. 6, 23–24, 444 A.2d 213 (1982). The state contends that the prior conviction was admissible as prior misconduct and further avers that the instruction, although inaccurately expressed, properly presented the prior misconduct evidence to the jury. Based on the record before us, the court did not make a determination that the probative value of prior misconduct outweighed its prejudicial effect. It is clear that the trial court's instructions on the issue of prior convictions were not accurate in law, not adapted to the issues and not an adequate guide to the jury in reaching a correct verdict. *Berniere* v. *Kripps,* 157 Conn. 356, 358, 254 A.2d 496 (1969), cited with approval in *State* v. *Crowe,* 174 Conn. 129, 134–35, 384 A.2d 340 (1977).

Our conclusion that the defendant was deprived of a fair trial because of the erroneous instruction of the court is dispositive of the appeal. Therefore, it is unnecessary to consider the defendant's claim of ineffective assistance of counsel. *State* v. *Darwin,* 161 Conn. 413, 429, 288 A.2d 422 (1971); *State* v. *Mortoro,* 160 Conn. 378, 391, 279 A.2d 546 (1971).

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.