STATE OF CONNECTICUT *v.* WALTER R. WOODS

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued June 9—decision released September 14, 1976

*Henry C. Campbell,* public defender, for the appellant (defendant).

*Robert E. Beach, Jr.,* assistant state's attorney, with whom was *John F. Bianchi,* state's attorney, for the appellee (state).

PER CURIAM. The defendant, Walter R. Woods, was charged in an information with the crime of robbery in the first degree in violation of § 53a-134 (a) (2) of the General Statutes. The jury returned a verdict of guilty and judgment was rendered accordingly on October 16, 1973. The single issue which the defendant has raised in this appeal from the judgment rendered is whether the court committed reversible error in admitting into evidence a so-called mug shot of the defendant.

The facts appearing in the parties' briefs which are pertinent to this appeal may be summarized as follows: On the evening of May 16, 1972, the residence of Theodore Siskey, located in New Milford, was robbed by two men carrying guns. Present in the home at the time of the robbery were Theodore Siskey, his wife Julia, and their daughter Barbara. For a period of one to two hours, one of the gunmen held the Siskeys at gunpoint while the other ransacked the house, looking for money. The hands of the Siskeys were then tied behind their backs and the robbers left, taking only about $55.

In January of 1973, during his investigation of the robbery, Detective Norbert Lillis of the New

Milford police department showed a group of fifteen "mug shots" to Julia Siskey to see if she could identify the robbers. A "mug shot" of the defendant was included in this group, and Julia Siskey positively identified that photograph as being a photograph of one of the robbers. Thereafter, Theodore Siskey and Barbara Siskey were shown the same group of photographs and both independently identified the photograph of the defendant. Over the defendant's objection, the group of "mug shots," which had been taped to conceal police markings, were admitted into evidence, and from that group the three victims testified that they had picked out the picture of the defendant as being a picture of one of the robbers.

The defendant claims that the court erred in admitting the "mug shot" of him into evidence because it informed the jury that he had a prior criminal record, despite the fact that he neither testified at trial nor put his character in issue.

"That evidence tends to prove the commission of other crimes by the accused does not render it inadmissible if it is otherwise relevant and material; *State* v. *Marshall,* 166 Conn. 593, 353 A.2d 756; *State* v. *Holliday,* 159 Conn. 169, 172, 268 A.2d 368; see *State* v. *Jenkins,* 158 Conn. 149, 152–53, 157, 256 A.2d 223; and if the trial judge determines in the exercise of judicial discretion that its probative value outweighs its prejudicial tendency. *State* v. *Moynahan,* 164 Conn. 560, 597, 325 A.2d 199, cert. denied, 414 U.S. 976, 94 S. Ct. 291, 38 L. Ed. 2d 219; *State* v. *Holliday,* supra, 173." *State* v. *Ralls,* 167 Conn. 408, 417, 356 A.2d 147; see also annot., 30 A.L.R.3d 908, and cases cited therein.

In the present case considerable time had elapsed between the actual commission of the crime and the date of the trial, so that the intervening photographic identification of the defendant was clearly relevant to show the reliability of the identification made by the three victims. While the "mug shot" may have exposed the jury to an implication of a prior arrest, there was no indication of conviction. See *State* v. *Ralls,* supra, 418. Moreover, since the police markings depicted in the "mug shots" had been concealed, the jury might well have inferred that the photograph was taken in connection with the Siskey robbery. In addition, during the voir dire of the jury, the defendant, through counsel, suggested the possibility that credibility might be impeached by showing a prior conviction if he were to take the stand. In view of those circumstances, the trial court concluded that the probative value of the "mug shot" outweighed any prejudicial effect that it might have. There is nothing before us to suggest that the court abused its discretion in making that determination.

There is no error.