## RONALD IRVING STRAUGHN a/k/a Donald Straughn v. STATE OF MARYLAND

[No. 21, September Term, 1983.]

*Decided October 7, 1983.*

The cause was argued before MURPHY, C. J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

*Arthur A. DeLano, Jr., Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant.

*Valerie V. Cloutier, Assistant Attorney General,* with whom was *Stephen H. Sachs, Attorney General,* on the brief, for appellee.

MURPHY, C. J., delivered the opinion of the Court.

The issue in this case is whether the trial court abused its discretion by admitting appellant's "mug shot" as substantive evidence of an extrajudicial photographic identification.

I

On August 23, 1981, Thomas Saunders, a special police officer with the Giant Food Corporation, was inspecting the rear of a Giant store when he noticed a broken window at the adjacent Market Tire Company store. He observed an automobile drive into the parking lot. The driver got out of the car and went into a phone booth. At this point, Saunders was able to see the man's face from a distance of about three feet. Thereafter, the driver returned to his car and drove it next to the broken window. He went into the tire store through the window, removed a number of tires, placed them in his car and drove off. Saunders wrote down the license plate number of the car. He then called the police and gave them the license plate number as well as a description of the suspect. The automobile was registered to the appellant Straughn.

Two days later, Saunders was shown ten photographs by Detective David McCamley of the Prince George's County Police Department. From the photo array, Saunders selected a picture of Straughn. The photograph was a police identification or "mug shot." On August 28, Straughn was arrested pursuant to an arrest warrant.

Straughn was tried before a jury in the Circuit Court for Prince George's County. At trial, Saunders made a positive in-court identification of the defendant. Both he and Detective McCamley testified about the pretrial photographic identification and stated that Saunders identified Straughn at that time. To corroborate the extrajudicial identification, the State offered all ten photographs from the photo array into evidence. Each photograph contained a front view and a profile of the subject, with a height chart faintly visible

behind each subject. All writing and other markings on the photos were masked with opaque cardboard. The masking of the pictures took place out of the presence of the jury. No reference was made to the source of the photos; they were never referred to as "mug shots" within the hearing of the jury. Over Straughn's objection, the trial court admitted the entire photo array into evidence. The jurors were given a limiting instruction and told not to consider that the photographs had been masked.[1] Straughn did not testify and the defense put on no evidence.

The jury found Straughn guilty of storehouse breaking and he was sentenced to ten years in prison. A timely notice of appeal was filed and in an unreported per curiam decision, the Court of Special Appeals affirmed the conviction. We granted certiorari to consider the admissibility of mug shots as substantive evidence of a prior identification.

II

We have heretofore recognized the probative value of an extrajudicial photographic identification made shortly after the incident when the memory of the identifying witness is fresh and there is none of the suggestiveness inherent in an in-court identification. *See Bedford v. State,* 293 Md. 172, 184, 443 A.2d 78, 84 (1982).[2] Furthermore, introduction of the photo array coupled with testimony about the extrajudicial identification permits the jury to evaluate the fairness of the pretrial identification procedure and to test

---

1. The trial court instructed the jury as follows:

"There is certain evidence that has been admitted in this trial, and there will be some tape marks over that evidence. You should not draw any inference whatsoever from those tape marks. They are put there for reasons of fairness and reasons of law which the Court has ruled on outside of your presence, and you should therefore draw no inference or try to figure out what is beneath the tape marks. You must consider only the evidence which you can see. You should also not try and remove the tape marks in any fashion to try and ascertain what is below the tape marks."

2. In *Bedford,* we held that an extrajudicial photographic identification alone, without an in-court identification, constituted sufficient evidence of criminal agency to support a conviction.

the veracity of the identifying witness. *United States ex rel. Bleimehl v. Cannon,* 525 F.2d 414, 421 (7th Cir. 1975). On the other hand, use of police identification photos may tend to prejudice the defendant by implying to the jury that he has a prior criminal record.

Of course, evidence of a defendant's prior criminal acts may not be introduced to prove that he is guilty of the offense for which he is on trial. *Tichnell v. State,* 287 Md. 695, 415 A.2d 830 (1980); *State v. Jones,* 284 Md. 232, 395 A.2d 1182 (1979); *Cross v. State,* 282 Md. 468, 386 A.2d 757 (1978); *McKnight v. State,* 280 Md. 604, 375 A.2d 551 (1977); *Ross v. State,* 276 Md. 664, 350 A.2d 680 (1976). There are two reasons for the rule. First, if a jury considers a defendant's prior criminal activity, it may decide to convict and punish him for having a criminal disposition. Second, a jury might infer that because the defendant has committed crimes in the past, he is more likely to have committed the crime for which he is being tried. *Tichnell, supra,* 287 Md. at 711. Consequently, any probative value that the evidence might have is outweighed by the potential prejudice to the defendant and is properly excluded. Evidence of a defendant's prior crimes may be admissible, however, if it is independently relevant.[3] Nevertheless, such evidence is not per se admissible in all circumstances. The trial court has discretion to exclude admissible independently relevant evidence of prior crimes. *Cross, supra,* 282 Md. at 474. In the exercise of its discretion, the trial court must weigh carefully the

---

3. Evidence of prior crimes is independently relevant if introduced to prove:

"(1) motive, (2) intent, (3) absence of mistake, (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other, and (5) the identity of the person charged with the commission of a crime on trial."

*Tichnell, supra,* 287 Md. at 711-12. Evidence of other crimes is also admissible "when the several offenses are so connected or blended in point of time or circumstances that they form one transaction, and cannot be fully shown or explained without proving the others," *id.* at 712, "to show a passion or propensity for illicit sexual relations with the particular person concerned in the crime on trial [citation omitted]; and to prove other like crimes by the accused so nearly identical in method as to earmark them as the handiwork of the accused." *Ross, supra,* 276 Md. at 670.

need for and the probative value of the evidence against the potential prejudice to the defendant. *Id. See McCormick on Evidence,* § 190 (2d ed. 1972). The issue of the admissibility of the mug shots in this case must be determined in light of this analysis.

Police identification photographs are recognized in Maryland as independently relevant substantive evidence which may be introduced under certain circumstances.[4] *Bowman, Brooks & Harris v. State,* 16 Md. App. 384, 297 A.2d 323 (1972), *cert. denied,* 268 Md. 749 (1973); *Austin v. State,* 3 Md. App. 231, 238 A.2d 569 (1968), *rev'd on other grounds,* 253 Md. 313, 252 A.2d 797 (1969). *See* 1 *Jones on Evidence* § 4:18 (6th ed. 1972). As a general rule, the admissibility of photographs in a criminal case is a discretionary matter for the trial court. *Clarke v. State,* 238 Md. 11, 207 A.2d 456 (1965); *Cook v. State,* 225 Md. 603, 171 A.2d 460 (1961), *cert. denied,* 368 U.S. 970 (1962); *Corens v. State,* 185 Md. 561, 45 A.2d 340 (1946); *Consol. Gas Co. v. Smith,* 109 Md. 186, 72 A. 651 (1909). The rule applies to police identification photographs. Therefore, the decision of a trial court to admit mug shots of a defendant as substantive evidence will not be reversed absent a showing of a clear abuse of discretion. *E.g., State v. Woods,* 171 Conn. 610, 370 A.2d 1080 (1976); *State v. Robertson,* 172 Conn. 9, 372 A.2d 128 (1976); *State v. Davison,* 245 N.W.2d 321 (Iowa 1976), *cert. denied,* 430 U.S. 955 (1977); *Hildebrandt v. State,* 507 P.2d 1323 (Okla. Crim. App. 1973). In the exercise of its discretion, the trial court must balance the probative value of the mug shots against their prejudicial impact on the defendant. *See, e.g.,*

---

**4.** The appellant argues that police mug shots always imply to a jury that the subject has a prior criminal record. He relies on the following language from Barnes v. United States, 365 F.2d 509, 510-11 (D.C. Cir. 1966):

"The double-shot picture, with front and profile shots alongside each other, is so familiar, from 'wanted' posters in the post office, motion pictures and television, that the inference that the person involved has a criminal record, or has at least been in trouble with the police, is natural, perhaps automatic."

Strict application of this rule would virtually prelude any use of mug shots in a criminal trial. Consequently, the view espoused in the *Barnes* case has not been adopted in other jurisdictions. *See* Annot., 30 A.L.R.3d 908 (1970).

*United States v. Johnson,* 623 F.2d 339 (4th Cir. 1980), *cert. denied,* 449 U.S. 957 (1981); *State v. Woods,* 171 Conn. 610, 370 A.2d 1080 (1976); *People v. Jones,* 34 Ill. App. 3d 103, 339 N.E.2d 485 (1975), *cert. denied,* 426 U.S. 953 (1976); *State v. Hatcher,* 277 N.C. 380, 177 S.E.2d 892 (1970).

There are no guidelines among state court decisions which would assist a trial court in deciding whether mug shots should be admitted in a particular case. Some federal courts, however, have adopted the three prong test set forth in *United States v. Harrington,* 490 F.2d 487 (2d Cir. 1973).[5] To be admissible:

"1. The Government must have a demonstrable need to introduce the photographs; and
2. The photographs themselves, if shown to the jury, must not imply that the defendant has a prior criminal record; and
3. The manner of introduction at trial must be such that it does not draw particular attention to the source or implications of the photographs." *Id.* at 494.

The appellant argues that the *Harrington* test should be viewed as a set of rigid prerequisites to admissibility, failure to meet any one of which would preclude the use of the mug shots. There is some language in the case to support this view.[6] Subsequent decisions interpreting *Harrington* appear to indicate, however, that the test is properly viewed as a series of factors to be balanced and applied in light of the totality of the circumstances.[7] In its most recent

---

**5.** It should be noted that the *Harrington* test is not of constitutional dimension. It is an exercise of the Court of Appeals' supervisory power over the evidence that will be admitted in a federal district court. Ralls v. Manson, 503 F.2d 491, 497 (2d Cir. 1974). *See also* United States ex rel. Bleimehl v. Cannon, 525 F.2d 414 (7th Cir. 1975).

**6.** The Second Circuit viewed the factors as:

"three prerequisites to a ruling that the introduction of 'mug shot' type photographs does not result in reversible error." *Harrington,* 490 F.2d at 494.

**7.** Only the First Circuit's decision in United States v. Fosher, 568 F.2d 207 (1st Cir. 1978), applies the *Harrington* factors as a rigid test for admissibility.

reexamination of the test, the Second Circuit used the three *Harrington* factors as part of a balancing test to determine whether the prejudicial impact of the mug shots outweighed their probative value. *United States v. Oliver,* 626 F.2d 254 (2d Cir. 1980). The Fourth Circuit has not applied the *Harrington* test; instead, it carefully balanced all of the factors that might prejudice the defendant. *United States v. Johnson,* 623 F.2d 339 (4th Cir. 1980), *cert. denied,* 449 U.S. 957 (1981).

We think this is the better view. The *Harrington* test is difficult to apply. Using the factors as a rigid standard would be inconsistent with the discretion vested in the trial judge. The *Harrington* test is more useful as a guide to trial courts by directing attention to the types of factors to be considered when deciding whether to admit mug shots as substantive evidence in connection with an extrajudicial photographic identification.

### III

Turning to the particular facts of this case, we think it clear that the admission in evidence of the mug shots was not an abuse of the trial judge's discretion. There was a real need for the evidence in this case. The prime issue at trial was the identity of the person who committed the crime. The entire photographic array was introduced in an effort to corroborate Saunders' in-court identification. It was not an attempt to prejudice the accused. The pictures were carefully masked to remove all explicit references to their source and purpose. At no time were the pictures referred to as "mug shots" in the presence of the jury. The trial court carefully instructed the jury to disregard the masking of the photos and not to speculate about the kind of information that might be concealed. Masking of the photos took place out of the presence of the jurors; they witnessed none of the discussion between counsel and the court concerning admissibility.

Furthermore, nothing about the way the mug shots were introduced called any particular attention to them. There was testimony that Saunders was shown the photographs several days before Straughn's arrest. If the jury recognized the photographs as mug shots, it might infer that the defendant had previously been arrested. This factor, standing alone, is insufficient in the circumstances of this case to constitute reversible error. Accordingly, the trial judge did not abuse his discretion in admitting the photographs in evidence.

*Judgment affirmed, with costs.*