STATE OF CONNECTICUT *v.* WILLIAM PECORARO
(11958)

PETERS, C. J., SHEA, DANNEHY, CALLAHAN and SATTER, Js.

Argued October 9—decision released December 31, 1985

*Howard I. Gemeiner,* for the appellant (defendant).

*Robert J. Devlin, Jr.,* assistant state's attorney, with whom, on the brief, was *Arnold Markle,* state's attorney, for the appellee (state).

SATTER, J. The jury found the defendant guilty of robbery in the first degree in violation of General Statutes § 53a-134 (a) (1), and larceny in the second degree in violation of General Statutes § 53a-123 (a) (2). He claims on appeal that the trial court erred: (1) in refusing to take measures to minimize the potentially prejudicial effect of police photographs of the defendant; and (2) in allowing into evidence the defendant's out-of-

court statement to the police. These claims raise issues of the admissibility of police mug shots and waiver by conduct of *Miranda*[1] rights. We find no error on either claim.

The jury could have reasonably found the following facts: During the late evening of February 22, 1982, Dennis Chan and Francis Liu were at a cafe in East Haven. Also present were a person who called himself Al and his unidentified companion. When Chan and Liu left the cafe, Al and his companion followed them out. Once outside, Al and his companion attacked Chan punching him about his head and body. Liu went to help, but was blocked by Al's companion. After the attackers fled by car, Chan discovered that his wallet, containing his credit cards and $1200 in cash, was missing.

A few hours after the incident, Albert Martone was stopped by police on a motor vehicle charge. His furtive manner led to a search of his pockets and the finding of Chan's credit cards.

I

The defendant's first claim of error arises out of the admission at his trial of police mug shots relating to his identification by the victims of the crime, Liu and Chan. On March 6, 1982, at the East Haven police department, Liu identified the defendant as a participant in the crime from approximately one hundred color photographs and from a board of eight black and white police photographs. The next day in the hospital, where he was being treated for injuries sustained in the robbery, Chan identified the defendant as one of his assailants from a different board of eight black and white police photographs. At the trial, both Liu and Chan made in-court identifications of the defendant.

---

[1] *Miranda* v. *Arizona,* 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

The two boards, each containing eight black and white photos, from which Liu and Chan originally identified the defendant, displayed double mug shots of front and side views of each person depicted. The boards were offered into evidence with a white slip of paper stapled at one end only, covering the chests of the subjects and concealing police department placards shown in the photographs. The placards in the two pictures of the defendant stated "East Haven Police, I D Center CT 00044, 25105," with one placard displaying the date of "12/24/80" and the other, the date of "5/15/81." The defendant's attorney raised no objection to the photo boards and they were admitted into evidence. Each was then passed among the jury.

Later in the trial, when the prosecutor offered a color photo of the defendant, defense counsel for the first time objected to the previously admitted photo boards, claiming that the loose paper coverings were inadequate to prevent the jury from seeing the police placards and thus from drawing the inference that the defendant had been arrested twice before. He suggested that the other end of the paper covering be stapled. The trial court denied his request, but offered to give a cautionary instruction to the jury concerning the photos, which defense counsel declined.

This court has several times cautioned against indiscriminate use of police mug shots. *State* v. *Albin,* 178 Conn. 549, 553, 424 A.2d 259 (1979); *State* v. *Peary,* 176 Conn. 170, 176, 405 A.2d 626 (1978), cert. denied, 441 U.S. 966, 99 S. Ct. 2417, 60 L. Ed. 2d 1072 (1979). The reason is that such photographs indicate prior arrests, not otherwise admissible, which present an accused person in an unfavorable light before the jury. Such photographs, however, enable the prosecution to establish at trial that a witness has made an earlier identification of an accused. We have held that they

are admissible "if they are relevant and material and if their probative value outweighs their prejudicial tendency." *State* v. *Albin,* supra, 551.

In this case the identification of the defendant as a participant in the crime with Albert Martone was contested. The state properly sought to bolster what might be considered a pro forma identification of the defendant from the witness stand by establishing that Chan and Liu had picked him out from the photo boards shortly after the crime. *State* v. *Woods,* 171 Conn. 610, 613, 370 A.2d 1080 (1976). Thus the probative value of the exhibits was substantial.

We have found no error in the admissibility of mug shots, where the photographs displayed no police markings of any kind; *State* v. *Crowe,* 174 Conn. 129, 131–32, 384 A.2d 340 (1977); *State* v. *Robertson,* 172 Conn. 9, 10, 372 A.2d 128 (1976); or where the police department markings had been cut from the front of the pictures; *State* v. *Albin,* supra, 553; or where markings were concealed in some manner. *State* v. *Peary,* supra; *State* v. *Woods,* supra, 612; see also annot., 30 A.L.R.3d 908, on the admissibility and prejudicial effect of mug shots.

The defendant claims that inadequate steps were taken to mitigate the prejudicial effect of the police markings because the slips of paper covering the placards on the defendant's pictures were stapled at only one end, so they flapped loosely, revealing beneath them two prior dates on which police had photographed him. The defendant argued that the jury could infer that he had been arrested on those prior dates. The short answer to this claim is that the defendant failed to make that objection at the time of the admission of the photo boards into evidence. He, thus, has lost that ground of appeal. See Practice Book §§ 288, 3063; *State* v. *Hoffler,* 174 Conn. 452, 461, 389 A.2d 1257 (1978).

Nevertheless, in light of our expressed approval of concealment of police markings, the trial court should have required that the paper covering the police photos be stapled at both ends. The judge should have been alert to his "duty . . . to prevent situations from arising during the trial which would prejudice the accused in the minds of the jury." *State* v. *Yates,* 174 Conn. 16, 19, 381 A.2d 536 (1977). Our function, however, is not only to identify trial court mistakes but to weigh them. It is difficult for us to assess any harm resulting from the failure of the trial court to follow defense counsel's suggestion because the exhibits had already been passed among the jurors, who might already have looked beneath the covering. Moreover, the judge offered to instruct the jury in such a way as to minimize the prejudicial impact, but defense counsel declined the offer. Thus, we conclude that the failure of the trial court to adopt the defendant's suggestion was harmless error.

## II

We next consider the defendant's claim that the trial court erred in allowing into evidence his out-of-court statement given in response to police questioning.

While in custody, the defendant was orally advised of his *Miranda* rights and received a written statement of those rights, which he acknowledged by signing. When asked by police if he knew Albert Martone, the defendant responded affirmatively and then indicated that he would not answer any other questions. Interrogation ceased. At the trial, over the defendant's objection, the state was allowed to admit into evidence the defendant's response to that one question.

The state has the burden of proving that the defendant "knowingly and intelligently waived his privilege against self-incrimination." *Miranda* v. *Arizona,* 384 U.S. 436, 475, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966);

*State* v. *Aversa,* 197 Conn. 685, 501 A.2d 370 (1985); *State* v. *Ferrell,* 191 Conn. 37, 44, 463 A.2d 573 (1983). The burden may be sustained by a preponderance of the evidence and does not require proof beyond a reasonable doubt. *State* v. *Wilson,* 183 Conn. 280, 286–87, 439 A.2d 330 (1981). After warnings have been given, mere silence of the accused is not enough to establish waiver. *Miranda* v. *Arizona,* supra. But proof of waiver is not dependent on a specific expression of relinquishment of rights. *North Carolina* v. *Butler,* 441 U.S. 369, 373, 99 S. Ct. 1755, 60 L. Ed. 2d 286 (1979). It can be "inferred from the actions and words of the person interrogated"; id.; and from his "course of conduct." *State* v. *Wilson,* supra, 285.

In *State* v. *Harris,* 188 Conn. 574, 580, 452 A.2d 634 (1982), cert. denied, 460 U.S. 1089, 103 S. Ct. 1785, 76 L. Ed. 2d 354 (1983), where the defendant expressly agreed to make an oral statement, we held that "the defendant's expressed willingness to speak constituted an explicit affirmative act evidencing waiver, which the court could reasonably find persuasive . . . ." In *State* v. *Pellegrino,* 194 Conn. 279, 480 A.2d 537 (1984), the defendant gave a short answer to a detective's question and then stated that he wanted to speak to a lawyer. We found no error in the trial court's admission of that answer into evidence because "the very fact that the defendant invoked his sixth amendment right to counsel after he had spoken briefly with [the detective] indicated that the defendant was aware of his rights and voluntarily waived them up until that point." Id., 289.

Here, after answering the first police question, the defendant asserted his right to remain silent. That conduct revealed that he clearly understood his rights. The trial court could also reasonably infer from the defendant's affirmative act of invoking his fifth amendment right immediately after the first question that he know-

ingly and intelligently waived his right as to the question. That affirmative act distinguishes this case from *State* v. *Wilson,* supra, 286, where there was an absence of any conduct indicating waiver on the part of the defendant.

There is no error.

In this opinion the other judges concurred.