570 A.2d 360

**Neal Pardoe McKINNEY**

v.

**STATE of Maryland.**

**No. 926, Sept. Term, 1989.**

Court of Special Appeals of Maryland.

March 2, 1990.

112

James B. Kraft (Kraft, Balcerzak & Bartlett, on the brief), Columbia, for appellant.

Valerie Smith, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and Frank R. Weathersbee, State's Atty. for Anne Arundel County, Annapolis, on the brief), for appellee.

Argued before ALPERT, BLOOM and KARWACKI, JJ.

BLOOM, Judge.

In a non-jury trial in the Circuit Court for Anne Arundel County, appellant, Neal McKinney, was convicted on the second count (third degree sexual offense)[1] in each of three indictments that had been consolidated for trial over his objection. The court imposed consecutive prison terms, suspended them, and placed appellant on probation. He thereupon brought this appeal, in which he contends that the trial court erred:

1. in directing him to testify at the outset of his case;
2. in granting the State's motion to consolidate the three indictments for trial;
3. in not granting his motion for new trial;
4. in failing to exclude the testimony of Bill Jump, whose statements and reports were withhold during discovery; and
5. in finding sufficient evidence to convict him on the second count in each indictment.

Our review of the record discloses no factual basis for the first contention and no legal basis for the third, fourth, and fifth contentions. We agree, however, that the trial court erred in consolidating the three indictments, and we shall reverse the convictions and remand for new trials on that basis. We must address the sufficiency issue because, regardless of the basis for reversal, if we were to conclude that the evidence was insufficient to support any of the convictions, a retrial on that charge would be barred. *Tibbs v. Florida*, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652

---

1. Md.Code Ann., art. 27, § 464B (1987 Repl.Vol., as amended).

(1982); *Warfield v. State,* 315 Md. 474, 502, 554 A.2d 1238 (1989). We need not and will not discuss the first, third, or fourth contention.

### Facts

On 31 May through 3 June 1988, Bryant Woods Elementary School held an outdoor education program at Camp Letts in Anne Arundel County, where appellant served as a volunteer counselor. Appellant had recently retired from his position as a fifth grade teacher and was in the process of finding a position in a different field.

The allegations of misconduct by appellant were made by three female students, who were campers at Camp Letts. Each of them asserted that appellant touched her breasts, buttocks, and vaginal area. As the State concedes, this alleged sexual contact occurred through, not under, the girls' clothing, and there was no physical injury. Appellant emphatically denied that he ever intentionally touched any of the girls' breasts, buttocks, or vaginal areas. In response to a question from his attorney, appellant conceded that it was possible that he accidentally touched one or more of the girls, but on cross-examination he was steadfast in his denial that he even accidentally or unintentionally ever touched any of the girls on the breast or buttocks, or in the area of the vagina. He freely admitted that in order to encourage or comfort a camper he would from time to time engage in normal, socially acceptable physical contact with a child. He would occasionally hug a child, or pat her on the back, rub her feet or ankles, or apply insect repellant. At mealtime he might tap a child on the knee to get her attention when he asked her to pass the bread or milk. Nevertheless, he consistently denied that any sexual contact or touching of private parts of any child's body ever occurred.

### I

Maryland Code Ann., art. 27, § 464B(a)(3) (1987 Repl.Vol., as amended), provides that a person is guilty of a sexual

offense in the third degree if the person engages in sexual contact with another person who is under 14 years of age and the person performing the sexual contact is four or more years older than the victim. All three of the alleged victims were under the age of 14, and appellant was unquestionably more than four years older than any of them.

As used in § 464B, the term "sexual contact" is defined in Md.Code Ann., art. 27, § 461 as:

> the intentional touching of any part of the victim's or actor's anal or genital areas or other intimate parts for the purpose of sexual arousal or gratification or for abuse of either party and includes the penetration, however slight, by any part of the person's body, other than the penis, mouth or tongue, into the genital or anal opening of another person's body if that penetration can be reasonably construed as being for the purpose of sexual arousal or gratification or for abuse of either party. It does not include acts commonly expressive or familial or friendly affection, or acts for accepted medical purposes.

One of the alleged victims testified that one day, while at lunch, appellant told her he was proud of her, patted her, rubbed her leg, and touched her vagina. On another occasion, appellant, who was sitting behind her, reached around her and touched her breasts. On the last day of camp, appellant hugged her and rubbed her buttocks.

A second complaining witness testified that she was seated next to appellant during a meal and he patted her in the genital area. On another occasion she was scraping food from her plate when appellant reached around from behind her and slid his hands down her chest and stomach as he helped her clean her plate.

The third alleged victim testified that on four occasions appellant sat next to her at mealtimes and rubbed her leg and touched her vaginal area. Once, when she was about to perform a skit at campfire, appellant patted her buttocks. And on another occasion, when she was scraping food from

her tray, appellant reached around from behind her, scraped her tray, and brought his hands over her chest.

Appellant points to certain discrepancies between the girls' testimony and pretrial statements they had made to their teachers, their principal, and a social worker. The resolution of such discrepancies and the credibility of the witnesses and their testimony was for the trier of fact. An appellate court, in determining whether the evidence introduced at trial was sufficient to support a conviction, does not weigh the evidence or determine the credibility of witnesses. On review, the test of sufficiency is whether the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational fact-finder of the existence of every element of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Branch v. State*, 305 Md. 177, 183, 502 A.2d 496 (1986). Pellucidly, the evidence in this case meets that test.

## II

In its motion to consolidate the three cases for trial, the State alleged merely that joinder would be convenient and non-prejudicial. Although appellant objected that a joint trial of all three indictments would be highly prejudicial, the court granted the State's motion. Now the State argues that, despite the prejudice to appellant, joinder was permissible and within the court's sound discretion because evidence supporting each indictment would be admissible at a trial on either or both of the other indictments. We disagree.

Maryland Rule 4–253 provides for joinder of multiple offenses in the same charging document and for joint trial of multiple offenses. It also provides for severance where joinder would be prejudicial. It states:

(a) *Multiple Offenses.*—Two or more offenses, whether felonies or misdemeanors or any combination thereof, may be charged in separate counts of the same charging

document if the offenses charged are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan. Maryland Rules of Procedure, Rule 4–203(a).

(b) *Joint Trial of Offenses.*—If a defendant has been charged in two or more charging documents, either party may move for a joint trial of the charges. In ruling on the motion, the court may inquire into the ability of either party to proceed at a joint trial. Maryland Rules of Procedure, Rule 4–253(b).

(c) *Prejudicial Joinder.*—If it appears that any party will be prejudiced by the joinder for trial of counts, charging documents, or defendants, the court may, on its own initiative or on motion of any party, order separate trials of counts, charging documents, or defendants, or grant any other relief as justice requires.

In *McKnight v. State,* 280 Md. 604, 375 A.2d 551 (1977), the Court of Appeals pointed out that Rule 4–253(c) (then Rule 745c) was patterned on Rule 14 of the Federal Rules of Criminal Procedure. Under the Maryland rule, as is true under its federal counterpart, severance is committed to the discretion of the trial judge, and the standard established by the rule is one that was applied at common law:

"... The matter of a misjoinder is generally left to the discretion of the trial court, and the courts will guard against injustice and abuse whenever apparent, and not permit such a joinder of counts as will embarrass the traverser in his defense...." *Simmons v. State,* 165 Md. 155, 165–66, 167 A. 60 (1933) (citations omitted). 280 Md. at 608, 375 A.2d 551.

Also noted in *McKnight* is that the rationale usually offered to justify joinder of similar offenses—that a single trial effects an economy by saving time and money to the prosecution, the defendant, and the criminal justice system—is questionable unless the evidence would be mutually admissible. Where the evidence is not mutually admissible,

each crime must be separately proved by its own evidence and witnesses. 280 Md. at 609, 375 A.2d 551.

 *McKnight* adopted the rule that a defendant charged with similar but unrelated offenses is entitled to a severance when he establishes that the evidence as to each individual offense would not be mutually admissible at separate trials. This rule is based upon recognition of the fact that similar offense joinder is prejudicial to the defendant in three important respects. First, he may be embarrassed or confounded in presenting separate defenses. Secondly, the jury may cumulate the evidence of the various crimes charged and find guilt when, if the offenses were separately considered, it would not do so. At the least, the joinder of multiple charges may produce a latent hostility that by itself may prejudice the defendant's case. Thirdly, the jury may use the evidence of one of the crimes charged, or a connected group of them, to infer a criminal disposition on the part of the accused. Joinder will not cause any additional prejudice to the defendant if the evidence of one crime would be admissible in the trial of the other, but it is clear that, where offenses are joined for trial because they are similar in character but where the evidence would not be mutually admissible, the prejudicial effect is apt to outweigh the probative value of such evidence. *Id.* at 609–612, 375 A.2d 551. *See also State v. Kramer*, 318 Md. 576, 569 A.2d 674 (1990); *Tichnell v. State*, 287 Md. 695, 415 A.2d 830 (1980); *State v. Jones*, 284 Md. 232, 395 A.2d 1182 (1979).

It is necessary, therefore, that we examine this case in the context of what has come to be known as the "other crimes rule." We must determine whether, in a separate trial on one of the indictments, evidence to the effect that appellant committed an offense charged in either or both of the other indictments would be admissible.

In *State v. Faulkner*, 314 Md. 630, 552 A.2d 896 (1989), the Court of Appeals discussed the "other crimes rule" and

its applicability in terms of a rule of exclusion of evidence with certain exceptions:

> We have often addressed the admissibility of "other crimes" evidence. Generally, "evidence of a defendant's prior criminal acts may not be introduced to prove that he is guilty of the offense for which he is on trial." *Straughn v. State*, 297 Md. 329, 333, 465 A.2d 1166, 1168 (1983). *See Tichnell v. State*, 287 Md. 695, 415 A.2d 830 (1980); *State v. Jones*, 284 Md. 232, 395 A.2d 1182 (1979); *Cross v. State*, 282 Md. 468, 386 A.2d 757 (1978); *McKnight v. State*, 280 Md. 604, 375 A.2d 551 (1977); *Ross v. State*, 276 Md. 664, 350 A.2d 680 (1976); *see generally* 5 L. McLain *Maryland Practice: Maryland Evidence* § 404.5, at 352 (1987). Evidence of other crimes may tend to confuse the jurors, predispose them to a belief in the defendant's guilt, or prejudice their minds against the defendant. *Ross*, 276 Md. at 669, 350 A.2d at 684; *see also Hoes v. State*, 35 Md.App. 61, 71, 368 A.2d 1080, 1086, *cert. denied* 280 Md. 731 (1977) ("jury may be predisposed to convict [the defendant's] 'reputation' ").

> Evidence of other crimes may be admitted, however, if it is substantially relevant to some contested issue in the case and if it is not offered to prove the defendant's guilt based on propensity to commit crime or his character as a criminal. *Ross*, 276 Md. at 669, 350 A.2d at 684; *see generally* C. McCormick, *Evidence* § 190 (E. Cleary 3d ed. 1984); L. McLain, *supra*, § 404.5, at 353.

> Thus, there are numerous exceptions to the general rule that other crimes evidence must be suppressed. Evidence of this type may be admitted if it tends to establish motive, intent, absence of mistake, a common scheme or plan, identity, opportunity, preparation, knowledge, absence of mistake or accident. *See Ross* at 669–670, 350 A.2d at 684; C. McCormick, *supra*, § 190, t 558–564; L. McLain, *supra*, § 404.5, at 353. But, because of the potential danger involved, the admission of other crimes evidence "should be subjected to rigid scrutiny by the courts...." *Ross* at 671, 350 A.2d at 685. Additionally,

the evidence proffered to the trial judge must be clear and convincing in establishing the accused's involvement in the other crimes. *Cross,* 282 Md. at 478, 386 A.2d at 764.

When a trial court is faced with the need to decide whether to admit evidence of another crime—that is, evidence that relates to an offense separate from that for which the defendant is presently on trial—it first determines whether the evidence fits within one or more of the *Ross* exceptions. That is a legal determination and does not involve any exercise of discretion. *See Cross,* 282 Md. at 474, 386 A.2d at 761; *Moore v. State,* 73 Md.App. 36, 44, 533 A.2d 1, 5 (1987), *cert. denied,* 311 Md. 719, 537 A.2d 273 (1988).

If one or more of the exceptions applies, the next step is to decide whether the accused's involvement in the other crimes is established by clear and convincing evidence. *Lodowski v. State,* 302 Md. 691, 728, 490 A.2d 1228, 1247 (1985), *defendant's petition for cert. denied,* 475 U.S. 1086, 106 S.Ct. 1469, 89 L.Ed.2d 725, *vacated,* 475 U.S. 1078, 106 S.Ct. 1452, 89 L.Ed.2d 711, *rev'd on other grounds,* 307 Md. 233, 513 A.2d 299 (1986); *Cross,* 282 Md. at 478, 386 A.2d at 764. We will review this decision to determine whether the evidence was sufficient to support the trial judge's finding.

If this requirement is met, the trial court proceeds to the final step. The necessity for and probative value of the "other crimes" evidence is to be carefully weighed against any undue prejudice likely to result from its admission. *Cross,* 282 Md. at 474, 386 A.2d at 761 [citations omitted]. This segment of the analysis implicates the exercise of the trial court's discretion. *Id.; Moore,* 73 Md.App. at 44–45, 533 A.2d at 5.

In *Harris v. State,* 81 Md.App. 247, 567 A.2d 476 (1989), Judge Moylan, writing for this Court, suggested that the "other crimes rule" is not really a rule of exclusion and the "exceptions" to it are not really exceptions. He posited that it is more accurate to express the rule as one of

inclusion with one exception—a rule that evidence of other crimes is generally admissible if relevant to any material fact in issue. The one exception to that rule is that other crimes evidence offered only to prove a propensity to commit crimes is excluded because its prejudicial effect greatly outweighs any probative value it might have.

So long as it is recognized that the "exceptions" to the rule of exclusion are not exhaustive and should not be narrowly construed, it matters little whether the "other crimes rule" is deemed to be a rule that other crimes evidence is generally excluded, with several exceptions, or a rule that such evidence is generally admitted, with one exception. The evidence is excluded if it has no relevancy other than to show criminal propensities; it is admissible if it is relevant to any other material fact in issue, the exceptions to the rule of exclusion being a well established list of matters other than propensity that other crimes evidence may logically tend to prove.

*Faulkner* sets forth those generally recognized "exceptions" to the other crimes rule—the list of those matters other than propensity which other crimes evidence may tend to establish—as follows: motive, intent, a common scheme or plan, identity, opportunity, preparation, knowledge, and absence of mistake or accident. Also, other crimes evidence may be admitted when the several offenses are so connected in time or circumstances that one cannot be fully shown without proving the other, *Ross,* 276 Md. at 670, 350 A.2d 680, and in prosecutions for certain sex offenses, to show a display of passion or propensity for illicit sexual relations, but only with the particular person concerned in the crime on trial. *Berger v. State,* 179 Md. 410, 414, 20 A.2d 146 (1941). Clearly, neither of the last two are applicable in this case.

The State suggests no basis for mutual admissibility other than those oft recognized exceptions set forth above, and we can think of none. The question then arises as to whether, in a trial on any one of the three indictments,

evidence of sexual contact with either of the two girls who were not the alleged victims of the crime on trial

(1) would tend to establish motive, intent, common scheme or plan, identity, opportunity, preparation, knowledge, or absence of mistake or accident; and

(2) if so, the matter or thing such evidence might tend to establish would be at all material to the case.

The second part of the question is as important as the first, for in order to be admissible, evidence must be material as well as competent and relevant. *Green v. State,* 81 Md. App. 747, 569 A.2d 741 (1990).

"The term 'relevance' refers to the required relationship between the evidence offered and the fact it is offered to prove. . . .

"Evidence is relevant if it has any tendency to make existence of a material fact more probable or less probable than it would be without the evidence."

. . . . .

"The term 'materiality' refers to the required relationship between that fact and an issue which is the proper subject of proof in the case.

". . . A material fact is a fact that is of legal consequence to the determination of the issues in the case."

*Green,* at 753–754, 569 A.2d at 744, 745, quoting McLain, *Maryland Evidence* § 401.1. *See also Paige v. Manuzak,* 57 Md.App. 621, 632, 471 A.2d 758 (1984); *Staley v. Staley,* 25 Md.App. 99, 106, 335 A.2d 114 (1975).

■ Evidence tending to show the commission of all three offenses would not be relevant to, that is, not tend to establish, motive, opportunity, preparation, or knowledge. Such evidence would not tend to prove intent except in the sense of propensity, for which it would be inadmissible, as overly prejudicial, *Faulkner, supra; Harris, supra,* or in the sense of passion for the victim, for which it would be inadmissible because that "exception" is limited to evidence

of similar conduct with the person concerned in the case. *Berger, supra.*

The other crimes evidence would not be mutually admissible to prove identity because identity, not being an issue in the case, was immaterial. *See Commonwealth v. Kasco,* 322 Pa.Super. 62, 469 A.2d 181 (1983). The common scheme or plan "exception" might mean either of two things: (1) a *modus operandi,* which is but one means of establishing identity and thus would not be material in the case *sub judice,* or (2) a plan to commit one offense as part of a grand scheme to commit others, such as a theft of nitroglycerine for use in blowing open a safe. In the latter sense, the other crimes evidence in a separate prosecution of appellant for sexual contact with one child—evidence of similar conduct with a different child—would not be relevant because it would not tend to prove that kind of common scheme.

Confronted with the relevancy and materiality limitations on the use of the other crimes evidence in this case, the State seized on the absence of mistake "exception" as justification for the joinder. In so doing, it relies on appellant's rather ambiguous response to a question propounded by defense counsel and the off-hand way counsel representing appellant on this appeal referred to that response.

Defense counsel asked appellant, with respect to each of the alleged victims, whether he had intentionally touched that child on the breasts, vagina, or buttocks. Appellant responded that he did not. Then defense counsel asked him:

I want you to think about this very carefully, Mr. McKinney. Could any acci—could you have touched these girls accidentally or incidentally during that four-day period?

Appellant responded:

It's possible. It was very crowded in the dining hall. There were numbers of people standing in line, moving

plates and trays and taking cups back, and also very crowded at the campfire.

The statement of facts in appellant's brief describes that part of appellant's testimony thusly:

He testified that he never intentionally touched [any of the three girls] on the breasts, vagina, or buttocks.

He said that he could have touched the girls accidentally or incidentally during the four day period.

From that the State fashions an argument that appellant had asserted a defense of accident or accidental touching of the victims' anal or genital areas or other intimate parts, wherefore the other crimes evidence would be mutually admissible in separate trial of the three indictments under the absence of mistake or accident exception.

The State has simply misconstrued appellant's testimony and his counsel's characterization of it. In answering his attorney's question, appellant conceded that he may have accidentally touched the girls, but he did not say that he touched them on any intimate part of the body. Any reason to assume, from the juxtaposition of the questions relating to intentional touching of intimate parts and to accidental touching, that the latter also referred to intimate parts of the body, was almost immediately dispelled during cross-examination. The prosecutor repeatedly asked appellant about his accidentally rubbing a child's leg, or accidentally touching a child's breasts while scraping trays or hugging her. In responding to each such question, appellant denied ever touching any of the girls' breasts, vaginas, or buttocks at any time, even by accident. Appellant never asserted a defense of accident or mistake; the only disputed issue in each case was whether there had been *any* touching of any of the girls' anal or genital areas or other intimate parts. The combined testimony of the three alleged victims might very well have tended to disprove any defense based on accident or mistake, but since no such defense was asserted, there was no material fact to be established by the other crimes evidence.

We conclude, therefore, that the other crimes evidence would not have been mutually admissible in separate trials on the three indictments. Consequently, under the rule laid down in *McKnight*, the court should not have granted the State's motion to consolidate the indictments for trial. That does not end the discussion, however. *McKnight* was an appeal from convictions resulting from a jury trial. So far, the cases that have followed, cited, and quoted *McKnight* have also involved jury trials. *See State v. Jones, supra; Tichnell v. State, supra; State v. Kramer, supra.* The rule laid down in *McKnight* was predicated upon the belief that the prejudicial effects of a misjoinder of charges are too great to be dispelled by curative instructions, and some of those prejudicial effects are described in terms of jury reactions to joinder and the introduction of what in separate trials would be excluded as other crimes evidence. This case requires us to decide whether in a non-jury trial misjoinder of similar offenses is sufficiently prejudicial to the defendant as to amount to an abuse of discretion requiring reversal.

The principal prejudicial effects of misjoinder that the Court noted in *McKnight* may be rephrased as follows:
1. The accused may be embarrassed or confounded in presenting separate defenses.
2. The jury may cumulate the evidence of the various crimes charged and find guilt where, if the offenses were tried separately, it would not do so.
3. Multiple charges may produce latent hostility.
4. A jury that believes the accused is guilty of one offense may infer from that guilt a criminal disposition on the part of the accused, which may be a persuasive factor in determining guilt on the other charges.

The third and fourth categories of prejudicial effect would be greatly diminished in a non-jury trial. A judge, with his or her training and experience, is not likely to be made hostile to the accused by the fact that there are multiple charges, and we may assume that a judge would

not be persuaded to convict an accused on the basis that if he committed one of the crimes he is a bad person with criminal propensities and therefore likely to have committed the others. If these were the only prejudicial effects of a misjoinder of similar offenses, we might well decline to find an abuse of discretion in a non-jury trial.

The first prejudicial effect on the above list is an entirely different matter. If misjoinder somehow embarrasses or confounds the accused in presenting separate defenses, the prejudice is the same in a non-jury trial as in a jury trial. Here the ruling that the three indictments would be tried together was made before appellant elected a non-jury trial. If there had been any contention that the joinder ruling had caused appellant to forego a jury trial in order to minimize the prejudice, that factor alone might have been so prejudicial that reversal would be required. That does not appear to have been the case. Although the court had earlier granted the State's motion to consolidate, appellant made no reference to that ruling in choosing a non-jury trial. Indeed, after waiving the jury he brought up the matter of consolidation and asked the court to reconsider its ruling. Appellant does not assert or even suggest that the consolidation of the three cases in some manner embarrassed or confounded him in presenting separate defenses and, considering the nature of the cases and the simple, single defense presented to all of them, we can think of no prejudice fitting that category.

It is the second category on the list of prejudicial effects of similar offense misjoinder that is of primary concern in this case. Taken separately, the evidence to support each indictment was far from overwhelming. Each girl's testimony as to appellant's conduct was fairly general in nature, sparse in corroborative detail, and somewhat inconsistent with what she had earlier related to her teacher and the social worker. By virtue of the joinder, however, each child's testimony was reinforced and thus made more believable by the testimony of the others. As trier of fact, a judge may not be as influenced as a jury would be by the

image of the accused as a bad man with a propensity for crime that is evoked by other crimes evidence. But a judge is no less likely than a jury to be influenced prejudicially in the perception of witness credibility that is generated by testimony of several witnesses describing similar conduct by the accused. Any trier of fact, whether judge or jury, who might doubt one child's testimony about the type of conduct ascribed to appellant would be more likely to believe it if other children testify to similar acts.

We hold, therefore, that even in a court trial similar offense joinder over the accused's objection, when the evidence in support of each charge would not be admissible in a separate trial of the others, is sufficiently prejudicial as to amount to an abuse of discretion. For that abuse of discretion in this case, we must reverse the convictions and remand for new and separate trials.

JUDGMENTS REVERSED; CASE REMANDED FOR NEW AND SEPARATE TRIALS.

COSTS TO BE PAID BY ANNE ARUNDEL COUNTY.