[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiff, Brothers Realty Co., filed a two-count complaint on October 13, 1993 naming Mystic Investment Corp. (hereinafter "Mystic Investment"), Anne Marie Massullo, and Dr. Edmund Massullo, as defendants. The plaintiff alleges in its complaint that Mystic Investment is the owner of property located at 135 Route 184, Groton, Connecticut (hereinafter "Groton property"). The plaintiff further alleges that it was retained to manage the Groton property pursuant to an agreement. In its first count, the plaintiff alleges that it entered into the agreement with Mystic Investment and that Mystic Investment has breached this agreement by failing and refusing to pay the plaintiff management fees and housekeeping fees pursuant to its terms. The second count is against Anne Marie Massullo and Dr. Edmund Massullo, major shareholders and principals of Mystic Investment Corp. The plaintiff alleges in its second count that it entered into the aforementioned agreement with these two defendants and that these two defendants are in breach of this agreement.
On October 26, 1993, Anne Marie Massullo and Edmund Massullo filed a motion to dismiss on the ground that the court lacks jurisdiction over their persons.
The plaintiff filed an objection to these defendants' motion on November 5, 1993. Both parties filed memoranda of law in support of their respective positions. A hearing was held before the court, Austin, J, on December 6, 1993.
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509
(1985). When an out-of-state defendant raises the issue of personal jurisdiction, the burden is on the plaintiff to demonstrate that the court has jurisdiction over the defendant. Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 53-54,459 A.2d 503 (1983). "When issues of fact are necessary to the determination of a court's jurisdiction, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross examine adverse witnesses." Id.
The test to determine whether the court has jurisdiction over the person of an nonresident defendant requires the application of a two-prong test. First, the CT Page 10878 plaintiff must prove that the General Statutes 52-59b, Connecticut's long-arm statute, authorizes the court's exercise of jurisdiction. Lombard Bros., Inc. v. General Asset Management Co., 190 Conn. 245, 250, 460 A.2d 481 (1983). The plaintiff relies on the following provision of General Statutes52-59b: "(a) As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual or foreign partnership, or his or its executors or administrator, who in person or through an agent: (1) Transacts any business within the state. . . ." The term "transacts any business," in the context of this statute has been held to embrace a single purposeful business transaction. Zartolas v. Nisenfeld,184 Conn. 471, 474 440 A.2d 179 (1981).
Once the plaintiff has proven that the long-arm statute authorizes the court to exercise jurisdiction over the defendant, the plaintiff must then prove that the court's exercise of jurisdiction complies with the requirements of due process pursuant to the guidelines set out in International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945), and its progeny. Lombard Bros., Inc., supra, 250.
I. Dr. Edmund Massullo.
The plaintiff has presented no evidence that Dr. Edmund Massullo has ever transacted business in the state of Connecticut. Therefore, the long-arm statute does not authorize this court to exercise its jurisdiction over this defendant.
II. Anne Marie Massullo.
a. Connecticut's long-arm statute.
The plaintiff has presented evidence at the hearing that Anne Marie Massullo signed as the "buyer" a Real Estate Purchase Agreement, the subject of which is the Groton property. There was testimony presented at the hearing that Anne Marie Massullo had visited the Groton property, engaged in negotiations with the plaintiff and its attorney concerning the Groton property, and had engaged Connecticut counsel to represent her interests in the transaction. The plaintiff also presented a letter written to the plaintiff by Francis T. Londregan, a Connecticut attorney. The letter purports to CT Page 10879 embody the details of an agreement between the plaintiff and the "Massullo family" regarding the management of the Groton property. Attorney Londregan carbon copies Anne R. Massullo in his letter to the plaintiff. Accordingly, the plaintiff has shown that the defendant Anne Marie Massullo has transacted business in Connecticut and that the court may exercise jurisdiction over her pursuant to General Statutes 52-59b.
b. Due process
Due process requires that an out-of-state defendant has at least "minimum contacts" with Connecticut. An out-of-state defendant must have minimum contacts with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." (Internal quotations and citations omitted.) Standard Tallow v. Jowdy, 190 Conn. 48 (1983). "The totality of the defendant's conduct and connection within this state must be considered, on a case by case basis, to determine whether the defendant could reasonably have anticipated being haled into court here." Frazer v. McGowan, 198 Conn. 243, 249, 502 A.2d 396 (1986), citing World Wide Volkswagen Corporation v. Woodson, 444 U.S. 286
(1980). Furthermore, "jurisdiction may not be asserted in such a way as to make litigation so gravely difficult and inconvenient that a party unfairly is at a severe disadvantage in comparison to his opponent." U.S. Trust Co. v. Bohart,197 Conn. 34, 442, 495 A.2d 1035 91985), citing Burger King v. Rudzewicz, 471 U.S. 462 (1985).
The plaintiff alleges in count two of its complaint that Anne Marie Massullo entered into an agreement with the plaintiff whereby the plaintiff would manage Groton property. There was no evidence presented at the hearing that would indicate that Anne Marie Massullo was executing these documents on behalf of anyone but herself. Because the plaintiff has shown that Anne Marie Massullo's contacts with Connecticut revolve around transactions that are the subject of the underlying lawsuit, then the court's exercise of personal jurisdiction over this defendant in this instance would not offend traditional notions, of "fair play and substantial justice." See McGee v. International Life Insurance Co.,355 U.S. 220 pin cite (1957) (where the court held that "[i]t is sufficient for purposes of due process that the suit was based on a contract which had substantial connection with that state"). CT Page 10880
Accordingly, the court grants the defendants motion to dismiss as to Dr. Edmund Messullo but denies it as to Anne Marie Massullo.
Austin, J.